**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-50935**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**REMIGIO GOMEZ-SOSA,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(P-00-CR-34-2)**

August 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Remigio Gomez-Sosa appeals his convictions for conspiracy to possess with intent to distribute marijuana and cocaine and aiding and abetting the possession with intent to distribute marijuana and cocaine. Gomez contends the evidence was insufficient to sustain the convictions because the Government did not prove beyond a reasonable doubt he knew of the narcotics concealed on his codefendant and in a car driven by her. Because Gomez moved for a judgment of acquittal at the close of the Government's case and rested without presenting evidence, the standard for evaluating the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficiency of the evidence is "whether any reasonable trier of fact could have found that the evidence established the essential elements of the crime beyond a reasonable doubt. We consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices made in support of the verdict". *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998) (internal quotation marks and footnote omitted).

Gomez's codefendant testified: she and Gomez traveled to Mexico together for the express purpose of obtaining unspecified drugs; and she told Gomez she had obtained "stuff" concealed in the car she would be driving back. The Government did not need to prove Gomez knew the specific narcotics his codefendant had obtained. *See United States v. Valencia-Gonzales*, 172 F.3d 344, 345 (5th Cir.), *cert. denied*, 528 U.S. 894 (1999). The jury could infer from other witnesses' testimony that the pattern of movement of the two vehicles on return to the United States was consistent with a lead car/load car (smuggling) scenario. This inference was fortified by Gomez's implausible denial that he was traveling with his codefendant. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954-55 (5th Cir. 1990). In sum, the evidence was sufficient for the jury to find beyond a reasonable doubt that Gomez conspired with his codefendant and aided and abetted the possession of narcotics with the intent to distribute them. *See United States v. Williams*, 985 F.2d 749, 753-54 (5th Cir.), *cert. denied*, 510 U.S. 850 (1993); *United States v. Lechuga*, 888 F.2d 1472, 1476 (5th Cir. 1989).

*AFFIRMED*